## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **CALANDRA RASHAY ROBINSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO.  6:20-CV-00450-JCM** |
| | § | |
| **ANDREW SAUL, Commissioner of the** | § | |
| **Social Security Administration,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## ORDER

Before the Court is an appeal for judicial review of a Social Security Administration's denial of benefits filed by Calandra Rashay Robinson, Plaintiff's Brief (ECF No. 19), Defendant's Brief (ECF No. 22), Plaintiff's Reply Brief (ECF No. 23), and the Transcript Record (ECF No. 16). For the reasons that follow, the final decision of the Commissioner is **REVERSED** and **REMANDED** in part and **AFFIRMED** in part.

### I.  Background

Plaintiff Calandra Rashay Robinson seeks judicial review of a final decision of the Office of Appellate Operations' March 31, 2020, Denial under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3). Pl.'s Compl. (ECF No. 3) at 1. Plaintiff filed an application for Title II Social Security Disability Insurance Benefits on November 1, 2017. Tr. at 55–56, 69–70. She originally alleged that her onset date of disability was August 7, 2015. Tr. at 179–181. She amended her alleged onset date to September 27, 2017, at a hearing held on January

1

22, 2019. Tr. at 34; Tr. at 32–54. Plaintiff alleged disability due to a back problem, depression, and sciatica. Tr. at 55–56, 69–70. She was 39 years old on the date last insured. Tr. at 22.

To determine if Plaintiff qualified as disabled under the Act, the ALJ used a five-step inquiry analyzing whether: 1) Plaintiff engaged in substantial gainful activity; 2) Plaintiff has a severe impairment; 3) the impairment meets or equals a listed impairment; 4) the impairment prevents Plaintiff from doing past relevant work; and 5) the impairment prevents Plaintiff from doing other work. Tr. at 14–15; 20 C.F.R. § 404.1520.

The ALJ found Plaintiff had insurance for disability benefits under the Social Security Act through December 31, 2018. Tr. at 15; Tr. at 55. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from the amended alleged onset date of September 7, 2017, through her date of last insurance of December 31, 2018. Tr. at 15. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine, major depressive disorder, and generalized anxiety disorder. Tr. at 15. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. at 16.

The ALJ determined Plaintiff had the RFC to perform a reduced range of light work.[1] Tr. at 17–18. Specifically, the ALJ found Plaintiff "can stand and walk a total of 6 hours during an 8-hour workday;" "sit a total of 6 hours during an 8-hour workday;" "occasionally climb ramps & stairs (sic);" "occasionally balance, stoop, kneel, crouch, and crawl;" and "never climb ladders, ropes, and scaffolds." Tr. at 17–18. The ALJ also determined that Plaintiff "is

---

[1] Light work requires standing/walking for six of eight hours, lifting no more than 20 pounds at a time, and frequently carrying objects that weigh up to 10 pounds at a time. 20 C.F.R. § 404.1567(b) (2022).

limited to simple repetitive routine task; occasional interaction with co-workers and supervisors; and no interaction with the public." Tr. at 18.

At step four, the ALJ found that Plaintiff did not have any past relevant work. Tr. at 22. Finally, at step five, the ALJ found that Plaintiff could perform light, unskilled work in other jobs that exist in significant numbers in the national economy. Tr. at 23, 52. The ALJ specifically found, with the assistance of a vocational expert, that Plaintiff could work as a router, merchandise marker, or photocopy operator, which respectively have 55,000 jobs, 303,000 jobs, and 16,000 jobs nationally. *Id*.

## II. Judicial Review

Judicial review of the denial of disability benefits pursuant to 42 U.S.C. § 405(g) is limited to determining the existence of substantial evidence in the record to support the Commissioner's decision and whether the ALJ followed relevant legal standards in evaluating the evidence. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). The scope of review is limited to the record and the court will not conduct de novo review, make credibility determinations, nor re-weigh the evidence. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Substantial evidence is more than a scintilla but less than a preponderance. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992). It requires evidence relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 400 (1971); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). Substantial evidence will create more than a mere suspicion of the existence of the fact to be established. *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

In determining whether substantial evidence of disability exists, a court will weigh: 1) objective medical facts or clinical findings; 2) diagnoses and opinions of treating and examining

physicians; 3) Plaintiff's subjective evidence of pain and disability; and 4) Plaintiff's age, education, and work history. *Wren v. Sullivan*, 925 F.2d. 123, 126 (5th Cir. 1991) (citing *DePaepe v. Richardson*, 464 F.2d 92, 94 (5th Cir. 1972)). If proper principles of law were applied, and if the Commissioner's decision is supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed even if substantial evidence exists to support an alternative finding. *Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999); *Martinez*, 64 F.3d. at 173 (citing *Richardson*, 402 U.S. at 390).

To remand, the Court must find the ALJ committed a reversible error that affected Plaintiff's substantial rights. *See Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) ("Remanding this case . . . would produce the same result while wasting time and resources."); *see also Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988) (holding "procedural improprieties . . . constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision"). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006) (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)); *see also Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) (error is harmless unless there is reason to think remand might lead to a different result). "The major policy underlying the harmless error rule is to preserve judgments and avoid waste of time." *Mays*, 837 F.2d at 1364 (citing *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 520 (5th Cir. 1981)).

### III. Issues Presented

Plaintiff raises two issues relating to the ALJ's findings. Pl.'s Br. at 15. First, Plaintiff argues that the ALJ's mental RFC is not supported by substantial evidence because the ALJ failed to explain his rejection of Dr. Williams's opinion. *Id*. Second, Plaintiff contends the ALJ's physical RFC is not supported by substantial evidence because the ALJ failed to weigh the opinion of Dr. Perry in accordance with the proper legal standards. *Id*. The Commissioner argues that substantial evidence supports the ALJ's RFC determinations and that ALJ applied correct standards. Def.'s Br. at 2, 4–14.

### IV. Analysis

#### A.  The ALJ failed to apply the proper legal standards to Plaintiff's mental RFC.

Plaintiff argues that the ALJ's mental RFC is not supported by substantial evidence because the ALJ failed to explain his rejection of Dr. Williams's opinion. Pl.'s Br. at 15. Specifically, Plaintiff argues that the ALJ failed to explain the supportability and consistency of Dr. Williams's opinion in accordance with 20 C.F.R. § 404.1520c(b)(2). Pl.'s Reply Br. at 1.

In evaluating claims filed on March 27, 2017, or later, the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's own] medical sources." 20 C.F.R. § 404.1520c(a). Additionally, the ALJ must consider all opinions in the record using the following factors: 1) supportability of the opinion, 2) consistency of the opinion with the record as a whole, 3) the treating or examining relationship, 4) specialization of the source, and 5) any other factors tending to support or contradict the opinion. 20 C.F.R. § 404.1520c(c)(1)–(5). The two most important factors are supportability and consistency. 20 C.F.R. § 404.1520c(a). The ALJ must explain his or her analysis of these two

factors and provide an explanation of how persuasive the ALJ finds a medical opinion based on them. 20 C.F.R. § 404.1520c(b)(2).

"On judicial review, the ALJ's determination that a claimant is not disabled will be upheld, if the findings of fact upon which it is based are supported by substantial evidence on the record as a whole, and if it was reached through the application of proper legal standards." *Loza v. Apfel*, 219 F.3d 378, 389 (5th Cir. 2000) (citing 42 U.S.C. § 405(g); *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994)). The application of an erroneous legal or procedural standard constitutes grounds for reversal even if "substantial evidence supports the Commissioner's decision." *Delgado v. Barnhart*, 305 F. Supp. 2d 704, 708 (S.D. Tex. 2004). "Reversal and remand with appropriate instructions is the proper remedy when the law has been incorrectly assessed or applied in the administrative proceedings." *Id*. (citing *Leidler v. Sullivan*, 885 F.2d 291, 294 (5th Cir. 1989)). However, "the Court may not reverse or remand for the ALJ's failure to comply with a regulation without determining whether the error was harmless. An error is harmless if it is inconceivable to conclude that a different result would occur absent the error." *Villarreal v. Colvin*, 221 F. Supp. 3d 835, 851 (W.D. Tex. 2016).

The ALJ did not explain the persuasiveness of Dr. Williams's medical opinion based on its supportability and consistency with the totality of the record. Defendant argues that the ALJ properly found Dr. Williams's opinion somewhat persuasive and considered Dr. Williams's opinion in formulating Plaintiff's RFC. Def.'s Br. at 9. Defendant also argues that a subsequent mental status examination performed on March 28, 2018, at the Olin E. Teague VAMC showing some consistent evidence with Dr. Williams's opinion explained why the ALJ properly found his opinion somewhat persuasive and considered the information in formulating the RFC. *Id*.

Dr. Williams's mental status examination on February 6, 2018, demonstrated evidence that Plaintiff can perform simple, routine, and repetitive tasks. Def.'s Br. at 8. Specifically, the evidence showed Plaintiff "accurately identified shapes and proportions, but inaccurately drew the hands on a clock at the requested time." Tr. at 440.  Plaintiff also "immediately recalled five digits forward and five digits in reverse" and "recalled two out of three objects after five minutes." *Id*. Plaintiff "was able to name the two most recent former Presidents" and "was oriented to person, place, time and situation." *Id*.

The ALJ found in its opinion:

> As for the opinion evidence, Dr. Williams' (sic) opioned (sic) the claimant is able to understand, remember, and apply Information. She can follow two-step instructions and carry out tasks. Her ability to make sound work-related decisions may be negatively impacted by anxiety, depression, and anger (Exhibit B4F, pg. 6). Dr. Williams' opinion is found to be somewhat persuasive and considered in the residual functional capacity stated above.

Tr. at 21. The first three sentences recite Dr. Williams's opinion and include no analysis. The fourth sentence provides a conclusion of the ALJ's decision. In this paragraph, the ALJ provides no analysis or reasoning for his decision. The ALJ fails to explain whether and how the opinion is supported and consistent with the totality of evidence. Without explaining the opinion's supportability and consistency with the record, the ALJ cannot properly determine the persuasiveness of the opinion in accordance with the proper legal standards under 20 C.F.R. § 404.1520c. Thus, the ALJ failed to apply the proper legal standards.

The ALJ's error is not harmless. "Although the ALJ is not required to articulate how he or she considered each and every medical opinion contained in a medical source statement from a given medical provider, . . . the ALJ must still provide some explanation for his reasons for rejecting a medical opinion of record." *Ramirez v. Saul*, No. SA–20–CV–00457–ESC, 2021 WL 2269473, at *6 (W.D. Tex. June 3, 2021) (citing *Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir.

2000); *Price v. Astrue*, 401 Fed. App'x 985, 987 (5th Cir. 2010) (per curiam)). Specifically, the ALJ "only must build an accurate and logical bridge between the evidence and the final determination." *Price*, 401 Fed App'x at 986. "Without any explanation from the ALJ, it is impossible for the Court to determine whether the ALJ's finding is supported by substantial evidence." *Ramirez*, 2021 WL 2269473, at *6 (citing Harmon *v. U.S. Comm'r*, No. 6:14–cv–02660, 2015 WL 9226138, at *7 (W.D. La. Nov. 17, 2015)). The Court and the Commissioner cannot "supply a post-hoc explanation for the ALJ's RFC when the ALJ failed to provide one." *Id.* (citing *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962; *Noranda Alumina, L.L.C. v. Perez*, 841 F.3d 661, 666 (5th Cir. 2016)). Here, the ALJ failed to build a "logical bridge" between his determination of the somewhat persuasiveness of Dr. Williams's opinion and the ALJ's mental RFC of Plaintiff by not providing any explanation of his finding of the persuasiveness of Dr. Williams's opinion.

"An error is not harmless if it affected Plaintiff's substantial rights and the outcome of the proceedings." *Id.* at 7 (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) ("[P]rocedural perfection is not required unless it affects the substantial rights of a party."). Procedural imperfections that "would cast into doubt the existence of substantial evidence to support the ALJ's decision" "constitute a basis for remand." *Morris*, 864 F.2d at 335. The ALJ conceivably could have reached a different result regarding Plaintiff's RFC if he had applied the proper legal standards to his analysis of Dr. Williams's opinion. Therefore, this cause is **REVERSED and REMANDED** for further proceedings regarding the ALJ's mental RFC.

**B. The ALJ weighed Dr Perry's opinion under the proper legal standards.**

Plaintiff argues that the ALJ's physical RFC is not supported by substantial evidence because the ALJ failed to weigh the opinion of Dr. Perry in accordance with the proper legal

standards. Pl.'s Br. at 19. Specifically, Plaintiff argues that the ALJ failed to provide any explanation about why he found Dr. Perry's opinion as unpersuasive. Pl.'s Reply Br. at 3.

Plaintiff does not argue that Dr. Perry submitted his physical examination findings in his opinion. Rather, Plaintiff argues that his submitted treatment notes contained his physical examination findings. Pl.'s Br. at 19–20. The ALJ has properly explained his decision not to weigh Dr. Perry's opinion and supported the physical RFC determination according to the proper legal standards.

The ALJ must consider any assessment of the individual's RFC by a "state agency medical or psychological consultant who are considered experts in Social Security disability determination (SAMC)" in his determination of an individual's RFC. *Hardin v. Astrue*, No. 3:10–CV–1343–B BH, 2011 WL 1630902, at *7 (N.D. Tex. Mar. 31, 2011), *report and recommendation adopted*, No. 3:10–CV–1343–B, 2011 WL 1633132 (N.D. Tex. Apr. 29, 2011); 20 C.F.R. § 404.1513a(b)(1). Additionally, the Code of Federal Regulations allows specialist medical opinions to be more persuasive than non-specialist medical opinions. 20 C.F.R. § 404.1520c(c)(4). The Social Security Administration ruled that "in appropriate circumstances, opinions from the State agency medical and other program physicians and psychologists (SAMCs) may be entitled to greater weight than the opinions of treating or examining sources." SSR 96–6p, 1996 WL 374180, at *3 (July 2, 1996). An appropriate circumstance includes a SAMC's opinion "based on a review of a complete case record" including a specialist's medical report "in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." *Id*.

The ALJ properly found the opinions of Drs. Paci and Lee, state agency medical and psychological consultants, persuasive under the proper legal standards. In their assessments, Drs.

Paci and Lee found that Plaintiff could occasionally lift or carry 20 pounds; frequently lift or carry 10 pounds; and sit, stand, and walk for about 6 hours in an 8-hour workday. Tr. at 61–62, 78–79. Additionally, they found Plaintiff able to push and pull otherwise unlimited, balance unlimited, and occasionally stoop, kneel, crouch, crawl, and climb ramps, stairs, ladders, ropes, and scaffolds. *Id*. The ALJ may give greater weight to Drs. Paci and Lee's opinions because they contain more detailed and specific evidence from specialists than Dr. Perry's opinion. 20 C.F.R. § 404.1520c(c)(4).

The ALJ properly rejected Dr. Perry's opinion as unpersuasive. As uncontested by both parties, Dr. Perry failed to submit clinical physical findings in support of his opinion. Tr. at 21. Plaintiff's argument that Dr. Perry's submission of treatment notes constituted submission of clinical findings is not supported by the case law Plaintiff cites.

The ALJ also properly rejected Dr. Perry's opinion due to its inconsistency with his own medical advice. Tr. at 376, 409. "ALJs may give 'less weight, little weight, or even no weight' to a physician's testimony if found to be inconsistent with a physician's own record or with other medical evidence." *Garcia v. Saul*, No. SA–19–CV–01307–ESC, 2020 WL 7417380, at *4 (W.D. Tex. Dec. 18, 2020) (quoting *Greenspan*, 38 F.3d at 237). Here, Dr. Perry opined Plaintiff had the ability to lift and carry up to 10 pounds frequently and 20 pounds occasionally and walk and stand a total of 2 hours and sit for a total of 4 hours during an 8-hour day. Tr. at 376. Additionally, he opined Plaintiff could grasp, turn, twist, and finely manipulation objects 20% of the time with bilateral upper extremities. *Id*.

The office treatment records demonstrate that Dr. Perry actually found Plaintiff to have "moderate degenerative disc disease, facet arthropathy, and obvious disc bulge posteriorly with a small radial tear the disc bulge." Tr. at 409. Additionally, Dr. Borucki found in the

neurophysiology report ordered by Dr. Perry that Plaintiff has normal strength, no muscle atrophy, normal study bilateral sural and superficial peroneal nerves, normal study bilateral peroneal and tibial nerves, and overall, an impression of normal study. Tr. at 411. Therefore, the ALJ did not err by rejecting Dr. Perry's opinion.

The ALJ also properly considered the consistency of Dr. Perry's opinion with the entire record. Dr. Perry only submitted his treatment notes. Multiple other medical opinions demonstrated that treatment and medication decreased Plaintiff's pain and improved her functioning and quality of life. For instance, Dr. Irvine found on Plaintiff's November 6, 2017, visit that current prescribed medication helped improve Plaintiff's functioning, quality of life, and the left lumber transforaminal epidural steroid injection on September 27, 2017, decreased her pain. Tr. at 321. Dr. McDavid found on Plaintiff's March 6, 2018, visit that current medication improved her pain by 40-50%. Tr. at 446. Therefore, the ALJ found Dr. Perry's opinion inconsistent with the totality of the record.

The ALJ properly considered and rejected Dr. Perry's opinion as unpersuasive. The ALJ clearly analyzed Dr. Perry's opinion for consistency and supportability. The ALJ does not have to specifically the state the factors "consistency" and "supportability" in its report but rather must utilize those factors in the ALJ's finding of the persuasiveness of the opinions in the record. *E.g.*, *Garcia v. Saul*, No. SA–19–CV–01307–ESC, 2020 WL 7417380, at *6 (W.D. Tex. Dec. 18, 2020); *Lopez v.* Saul, No. SA–19–CV–010888–ESC, 2020 WL 4934462, at *7 (W.D. Tex. Aug. 22, 2020); 20 C.F.R. § 404.1520c(a)–(b)(1). The ALJ demonstrated the supportability and consistency of Dr. Perry's opinion by discussing the SAMCs opinions and other medical opinion evidence. Therefore, the Court **AFFIRMS** the ALJ's physical RFC determination.

### V. Conclusion

For the reasons outlined above, the undersigned the Commissioner's final decision be

**REVERSED and REMANDED** in part and **AFFIRMED** in part**.**

**SIGNED this 13th day of January, 2023.**

_____
**JEFFREY C. MANSKE**
**UNITED STATES MAGISTRATE JUDGE**